**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2406
_____

TYRONE MARTIN,
Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
D. LEE; LT. HOLLIS, (Use of Force) (John Doe); LT. KOPP; SGT MROZEK; C/O K.
M. MASON; C/O SLOAN; MS. SHEESLEY, (PSYC.); NURSE TAMMY
JOHNSTON; SCI FOREST SUPERINTENDENT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00215)
Magistrate Judge: Honorable Richard A. Lanzillo (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2022

Before: MCKEE, SHWARTZ, and MATEY, <u>Circuit Judges</u>

(Opinion filed: May 3, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tyrone Martin, an inmate confined at State Correctional Institution at Phoenix ("SCI-Phoenix"), appeals pro se from the District Court's judgment in favor of the defendants in his civil rights action. For the reasons discussed below, we will affirm.

I.

On May 29, 2018, while confined at State Correctional Institution at Phoenix ("SCI-Forest"), Martin barricaded himself inside of his cell and requested to speak with "psych." When a Psychological Services Specialist offered to see him outside of his cell, Martin refused. Martin also refused orders to uncover his cell door and approach the wicket to be handcuffed. A team of corrections officers then extracted him from his cell by spraying Oleoresin Capsicum ("OC") spray into his cell. Martin was then taken to the medical unit, where he was examined and treated by a nurse. The corrections officers returned Martin to his cell, which had been cleared out and cleaned for decontamination purposes. Twice more, Martin attempted to harm himself and officers deployed OC spray to remove him from his cell.

Martin subsequently filed a civil rights complaint against prison officials and staff under 42 U.S.C. § 1983, alleging violations of his First, Sixth, Eighth, and Fourteenth Amendment rights. After some parties were dismissed,[1] and upon the completion of discovery, the remaining defendants ("defendants") moved for summary judgment. The District Court granted the defendants' motion and entered a judgment in their favor. Martin filed a timely appeal.

---

[1] Martin does not challenge the District Court's orders dismissing other defendants, or any of the court's interlocutory orders, on appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court thoroughly detailed Martin's allegations, the parties' evidentiary submissions, and the relevant law. We have little to add to its analysis. Notably, the District Court accurately described the video recordings of the subject incident, which plainly contradicted Martin's claims that officers hit him while returning him to his cell.

While the video evidenced showed that defendants did use OC spray to remove Martin from his cell, it also demonstrates that the OC spray was applied in a "good-faith effort to maintain or restore discipline," rather than "maliciously and sadistically for the purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see Staples v. Gerry, 923 F.3d 7, 17-18 (1st Cir. 2019). The video further showed that Martin received medical care after each exposure to the OC spray, and that defendants acted reasonably in relying on the decisions of medical personnel in treating him. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Regarding Martin's allegation that defendants violated his Eighth Amendment rights by subjecting him to a "cavity search," the District Court properly determined that defendants had a legitimate penological purpose in conducting a visual strip search after Martin had covered his window and threatened to harm himself. See Ricks v. Shover, 891 F.3d 468, 475 (3d Cir. 2018). Similarly, we agree with the District Court that defendants eliminated any question of fact as to Martin's retaliation claim, as the record showed that, given Martin's barricading of his cell and refusal to comply with orders to come to the wicket, defendants would have made the same decision to use force to remove him from his cell absent any protected conduct. See Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001); see also Oliver v. Roquet, 858 F.3d 180, 192 (3d Cir. 2017). The District Court also properly concluded that Martin's invocation of the Sixth Amendment is without merit. See Hannah v. Larche, 363 U.S. 420, 440 n.16 (1960) (noting that the Sixth Amendment is limited to "criminal prosecutions").

While Martin contends on appeal that the District Court erred in overlooking a triable issue of fact as to the value of his possessions that were thrown away in the process of decontaminating his cell, we conclude that that question is inapposite because defendants have shown that Martin had an adequate post-deprivation remedy in the prison grievance system and was accordingly not denied due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that post-deprivation remedies provide sufficient due process for both negligent and intentional deprivations of property); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (finding that prison grievance system was adequate post-deprivation remedy). Finally, because

4

defendants eliminated all issues of fact relating to Martin's constitutional claims, his conspiracy claim is also without merit. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 (3d Cir. 1999).

We will accordingly affirm the judgment of the District Court. Martin's outstanding motions are denied.